■ RENE MEJIA, Appellant, v EDITH D. MORIELLO et al., Defendants and Third-Party Plaintiffs-Respondents. ANDREW LAMELA et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [730 NYS2d 131] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 23, 2000, as denied his motion for summary judgment on the issue of liability on the cause of action to recover damages based on a violation of Labor Law § 240 (1), and granted that branch of the cross motion of the defendants third-party plaintiffs Edith D. Moriello, Anthony Charles Moriello, and Camille Moriello which was for summary judgment dismissing that cause of action.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs, the motion is granted, that branch of the cross motion which was for summary judgment dismissing the cause of action to recover damages based on a violation of Labor Law § 240 (1) is denied, and the matter is remitted to the Supreme Court, Orange County, for a determination of that branch of the cross motion of the third-party defendant Charles Pelella which was for summary judgment dismissing the third-party complaint insofar as asserted against him.

The sole issue on appeal is whether the defendants third-party plaintiffs Edith D. Moriello, Anthony Charles Moriello, and Camille Moriello (hereinafter the Moriellos) should be deemed "owners" for the purposes of ascertaining their liability pursuant to Labor Law § 240 (1). Liability under Labor Law § 240 (1) may lie against the owner of land on which a building is located, even though the owner leased the land to another and did not own the building itself (see, Lynch v City of New York, 209 AD2d 590; see also, Cannino v Locust Val. Fire Dist., 241 AD2d 534, 535). Here, the Moriellos own the land beneath the building where the accident occurred, a fact which is sufficient to establish their liability pursuant to Labor Law § 240 (1). Since their liability rests upon their ownership of the land, whether they "had contracted for the work or benefitted from it is legally irrelevant" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 560). The Moriellos are "owners" for the purposes of ascertaining their liability pursuant to the Labor Law. Therefore, the plaintiff's motion for summary judgment on the issue of liability on the cause of action to recover damages based on a violation of Labor Law § 240 (1) is granted, and that branch of the Moriellos' cross motion which was for summary judgment dismissing that cause of action is denied.

The Supreme Court did not reach the branch of the cross motion of the third-party defendant Charles Pelella which was for summary judgment dismissing the third-party complaint insofar as asserted against him. Thus, the Supreme Court did not address the issue of whether Pelella leased the land on which the subject building stood or only the land adjacent to it. The matter must be remitted to the Supreme Court, Orange County, for a determination of that branch of Pelella's cross motion which was for summary judgment dismissing the third-party complaint insofar as asserted against him. Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.