[814 NE2d 784, 781 NYS2d 477]

ANTHONY ABBATIELLO, JR., et al., Appellants, v LANCASTER STU-
DIO ASSOCIATES et al., Respondents and Third-Party
Plaintiffs-Respondents. PARAGON CABLE MANHATTAN, INC.,
et al., Third-Party Defendants-Respondents.

Argued June 2, 2004; decided July 1, 2004

## POINTS OF COUNSEL

*Raymond Carey, P.C.,* Woodbury (*Raymond Carey* and *John W. Dougherty* of counsel), and *Scheine, Fusco Brandstein & Rada, P.C.,* for appellants. I. Section 240 (1) of the Labor Law clearly applies to all owners (not expressly exempt) of property where work of the type described in the statute is being done. The imposition by the Appellate Division of a condition to such general application in the situation of the injured plaintiff here was erroneous and should be reversed. (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Panek v County of Albany,* 99 NY2d 452; *Coleman v City of New York,* 91 NY2d 821; *Bland v Manocherian,* 66 NY2d 452; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Adimey v Erie County Indus. Dev. Agency,* 89 NY2d 836; *Ceballos v Kaufman,* 249 AD2d 40; *Marchese v Grossarth,* 232 AD2d 924, 89 NY2d 809; *Otero v Cablevision of N.Y.,* 297 AD2d 632.) II. If this Court accepts the condition to property owners' liability under the Labor Law applied by the lower courts in this case, such condition should be deemed as having been met under the circumstances present here. III. This Court should also reverse the Appellate Division's *alternate* ruling that, as a matter of law, the work being done by the injured plaintiff at the time of his injury was not of a type protected by section 240 (1) of the Labor Law. Summary judgment should in fact be given to plaintiffs on the issue. (*Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878; *Fuller v Niagara Mohawk Power Corp.,* 213 AD2d 986, 86 NY2d 708; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Panek v County of Albany,* 99 NY2d 452; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Joblon v Solow,* 91 NY2d 457; *Craft v Clark Trad-*

*ing Corp.,* 257 AD2d 886; *Izrailev v Ficarra Furniture of Long Is.,* 70 NY2d 813.)

*Sherwin Rear,* New York City, for respondents. I. An opportunity to affect work site safety is a necessary condition precedent to the imposition of liability on the owner of a building or structure when a worker has been injured due to a violation of Labor Law § 240 (1). (*Hargobin v K.A.F.C.I. Corp.,* 282 AD2d 31; *Coleman v City of New York,* 91 NY2d 821; *Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Celestine v City of New York,* 86 AD2d 592, 59 NY2d 938; *Panek v County of Albany,* 99 NY2d 452; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Blake v Neighborhood Hous. Servs.,* 1 NY3d 280; *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1.) II. Public Service Law § 228 does not impose constructive knowledge and consent on the building owner of maintenance of cable television facilities by the cable provider, and does not subject the owner to liability pursuant to Labor Law § 240 (1). (*Piaquadio v Recine Realty Corp.,* 84 NY2d 967; *Gordon v American Museum of Natural History,* 67 NY2d 836.) III. At the time of his accident, appellant was engaged in routine maintenance not the repair or alteration of a building or structure. (*Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878; *Joblon v Solow,* 91 NY2d 457; *Weininger v Hagedorn & Co.,* 91 NY2d 958; *Esposito v New York City Indus. Dev. Agency,* 1 NY3d 526; *Smith v Shell Oil Co.,* 85 NY2d 1000.)

*Newman, Fitch, Altheim, Myers, P.C.,* New York City (*Michael H. Zhu, Abraham S. Altheim* and *Steven N. Shapiro* of counsel), for third-party defendants-respondents. I. Plaintiff cannot state a Labor Law § 240 (1) claim because defendant owners did not authorize or permit plaintiff to perform the injury-producing work. (*Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 673; *Brown v Christopher St. Owners Corp.,* 211 AD2d 441, 87 NY2d 938; *Ceballos v Kaufman,* 249 AD2d 40; *Marchese v Grossarth,* 232 AD2d 924; *Copertino v Ward,* 100 AD2d 565; *Williams v LeChase,* 196 Misc 2d 609; *Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 56 NY2d 503; *Bateman v Susquehana Val. Cent. School Dist.,* 289 AD2d 852; *Ogden v City of Hudson Indus. Dev. Agency,* 277 AD2d 794.) II. Plaintiff cannot state a Labor Law § 240 (1) claim because he was not making a significant physical change to a building or structure. (*Joblon v Solow,* 91 NY2d 457; *Weininger v Hagedorn & Co.,* 91 NY2d 958; *DiBenedetto v Port Auth. of*

*N.Y. & N.J.,* 293 AD2d 399; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709; *Cullen v Uptown Stor. Co.,* 268 AD2d 327; *Jani v City of New York,* 284 AD2d 304; *Hollosi v 340 E. 93rd St. Corp.,* 282 AD2d 651; *Breeden v Sunset Indus. Park Assoc.,* 275 AD2d 726; *Zuckerman v City of New York,* 49 NY2d 557.) III. Since Lancaster Studio Associates did not own the cable television equipment plaintiff worked on, it cannot be liable as an "owner" under Labor Law § 240 (1). (*Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Celestine v City of New York,* 86 AD2d 592; *Bonghi v New York Tel. Co.,* 277 AD2d 893; *Gancarz v New York Tel.,* 257 AD2d 645; *Girty v Niagara Mohawk Power Corp.,* 262 AD2d 1012; *Ray v Niagara Mohawk Power Corp.,* 256 AD2d 1070; *Brennan v 3785 S. Park,* 242 AD2d 929; *Fuller v Niagara Mohawk Power Corp.,* 213 AD2d 986, 86 NY2d 708; *Mangiameli v Galante,* 171 AD2d 162; *Loretto v Teleprompter Manhattan CATV Corp.,* 458 US 419.)

### OPINION OF THE COURT

CIPARICK, J.

This case presents the question whether a building owner may be held strictly liable under Labor Law § 240 (1) for injuries sustained by a cable technician performing work on its property without its knowledge or consent. We conclude that, under the circumstances of this case, the cable technician does not come within the protections of the section.

Plaintiff Anthony Abbatiello was a cable television technician employed by third-party defendant Paragon Cable Manhattan, Inc.[1] On August 12, 1995, Paragon dispatched plaintiff to a building owned by defendant Lancaster Studio Associates in response to the complaint of a tenant who was a cable service subscriber. Lancaster had no notice that plaintiff would be on its premises for any purpose.

While on the property, plaintiff rang the subscriber's doorbell and attempted to enter the building—both to no avail. As he had previously done work at that location, plaintiff proceeded to identify the junction box that routed the cable signal into the subscriber's apartment. The box was bolted on an exterior wall of the building, about 15 to 20 feet above ground level. To access the box, plaintiff placed a 20-foot extension ladder, which had been supplied by Paragon, against the side of the building. He climbed the ladder, equipped to take the cable box apart, di-

---

1. Paragon has been succeeded by Time Warner Cable of New York City, Inc., and both are named as third-party defendants.

agnose and fix the problem. Following inspection, plaintiff determined that the defective signal was caused by water seeping into the junction box. However, before he could take any further action, the ladder bent, causing plaintiff to fall to the ground and injure himself.

Plaintiff later commenced this action against Lancaster and its individual partners alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241. Lancaster brought a third-party action against Paragon, and Paragon counterclaimed. Lancaster moved for summary judgment dismissing the complaint and counterclaim, and Paragon separately sought dismissal of the complaint. Supreme Court granted both motions and dismissed the complaint in its entirety. The Appellate Division, with one Justice dissenting, affirmed, concluding that there could be no Labor Law § 240 (1) liability here both because the owner did not authorize or even know of plaintiff's presence, and because the work being performed was routine maintenance (307 AD2d 788 [2003]). We now affirm on both grounds.

## The Parties' Relationship

In *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280 [2003]), we recently reviewed the history and purposes of Labor Law § 240 (1).[2] We reaffirmed the rule that an accident alone does not establish a Labor Law § 240 (1) violation, and that absolute liability requires a violation of the statute. We found no violation in *Blake* and likewise find no violation here.

We have consistently "observed that the purpose of the statute is to protect workers by placing ultimate responsibility for safety practices on owners and contractors instead of on workers themselves" (*Panek v County of Albany*, 99 NY2d 452, 457 [2003] [citations omitted]). Accordingly, the statute imposes absolute liability on owners and contractors for any breach of the statutory duty that proximately causes injury (*see Blake*, 1 NY3d at 287). To come within the special class for whose benefit absolute liability is imposed, a plaintiff must demonstrate

---

2. Labor Law § 240 (1) provides:
   "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

that "he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it [the] owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]).

■ Following the *Whelen* line of precedent, the First Department has generally held that a cable technician called to a building by a tenant without the knowledge or consent of the owner is not an employee for purposes of Labor Law § 240 (1) and therefore is not afforded the protections of that statute against the owner (*see Ceballos v Kaufman*, 249 AD2d 40 [1st Dept 1998]). On the other hand, relying on *Celestine v City of New York* (86 AD2d 592 [2d Dept 1982], *affd* 59 NY2d 938 [1983]) and its progeny—*Gordon v Eastern Ry. Supply* (82 NY2d 555 [1993]) and *Coleman v City of New York* (91 NY2d 821 [1997])— the Second and Third Departments have held building owners strictly liable for the injuries of such workers on the ground that ownership alone may determine whether defendant is liable under section 240 (1). Persuaded by the distinctions between *Celestine* and its progeny and the facts presented here, we refuse to impose absolute liability on an owner where a cable technician is injured while performing work without the owner's knowledge or consent.

Common to *Celestine*, *Gordon* and *Coleman*—and to all cases imposing Labor Law § 240 (1) liability on an out-of-possession owner—is some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest. Here, however, no such nexus exists. The injured plaintiff was on the owner's premises not by reason of any action of the owner but by reason of provisions of the Public Service Law.

Public Service Law § 211 states the purpose of Public Service Law article 11—"to ensure that cable television companies provide adequate, economical and efficient service to their subscribers, the municipalities within which they are franchised and other parties to the public interest." According to Public Service Law § 228 (1),[3]

> "No landlord shall (a) interfere with the installation of cable television facilities upon his property or premises, except that a landlord may require:
>
> "(1) that the installation of cable television facilities

---

3. Former Executive Law § 828 (1)—in effect at the time of the accident.

conform to such reasonable conditions as are necessary to protect the safety, functioning and appearance of the premises, and the convenience and well being of other tenants."

Plaintiff argues that, notwithstanding the mandatory access imposed by Public Service Law § 228 (1), Lancaster should be deemed an "owner" for purposes of Labor Law § 240 (1) as it maintained a degree of control over the work and would have knowledge—albeit constructive—that Paragon employees would be coming upon its property periodically to effectuate repairs at the request of tenant-subscribers. We disagree.

Lancaster is powerless to determine which cable company is entitled to operate, repair or maintain the cable facilities on its property, since such decision lies with the municipality—the franchisor (*see* Public Service Law § 219). The City of New York gave Paragon the franchise, and the right to install its cable facilities. This included the right to maintain and service its facilities at the premises free from interference after installation (*see Loretto v Teleprompter Manhattan CATV Corp.*, 458 US 419, 439 [1982]). Neither did Lancaster incur liability for injury to a cable company employee by failing to exercise its right under the statute to require "reasonable conditions" for the protection of its property and tenants when the employee installs the cable (*see* Public Service Law § 228 [1] [a] [1]).

Lancaster cannot be charged with the duty of providing the safe working conditions contemplated by Labor Law § 240 (1) for cable television repair people of whom it is wholly unaware. Supreme Court correctly noted that, but for Public Service Law § 228, plaintiff would be a trespasser upon Lancaster's property and Lancaster would neither owe a duty to plaintiff nor incur liability. Any permission to work on the premises was granted upon compulsion and no relationship existed between Lancaster and Paragon or the plaintiff.

Having found no nexus here, we conclude that plaintiff is not an employee for purposes of Labor Law § 240 (1) and that Public Service Law § 228 does not impose constructive notice on a building owner nor does it subject the owner to liability under Labor Law § 240 (1). We thus agree with Supreme Court that

"[t]he Public Service Law was enacted to secure the right of the tenant to have access to cable television services, not to impose unconditional liability upon a defenseless fee owner. The interpretation sug-

gested by the plaintiff goes far beyond the scope of the language employed in each statute, so as to create a new liability with respect to cable service workers which was not envisioned by the Legislature." (188 Misc 2d 665, 676 [2001].)

## The Nature of the Work

■ We also agree with the Appellate Division that plaintiff, at the time of his accident, was involved in "the routine maintenance of a malfunctioning cable box and [the work] did not constitute 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building' so as to fall within the protective ambit of Labor Law § 240 (1)" (307 AD2d 788, 789 [2003] [citations omitted]).

Plaintiff here was engaged in an activity similar to that of plaintiff in *Esposito v New York City Indus. Dev. Agency* (1 NY3d 526 [2003]), who was performing a monthly maintenance check on air conditioners located high off the ground. One unit appeared in need of repair, and plaintiff left and returned with tools and parts. As he climbed the ladder and began to remove the unit cover, the bottom of his ladder "kicked out" and he fell. We held that "[t]he work . . . involved replacing components that require replacement in the course of normal wear and tear. It therefore constituted routine maintenance and not 'repairing' or any of the other enumerated activities" (*Esposito*, 1 NY3d at 528). Likewise here, plaintiff determined that the cause of the defective signal was water in the tap, a common problem caused by rainwater accumulating in junction boxes affixed to building exteriors. The remedy would have been to loosen a few screws and drain the water from the tap and, if worn out, replace the tap. These activities constitute routine maintenance and not repair as contemplated by Labor Law § 240 (1).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, with costs.