(July 19, 2004)

■ STEVEN M. BARRICK, Respondent, v PALMARK, INC., Appellant. [780 NYS2d 631]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated August 11, 2003, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages pursuant to Labor Law § 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed in its entirety.

The plaintiff was injured when a wire sling that he was using in conjunction with several other tools to loosen a nut attached to a four-foot long bolt snapped and struck his leg. At the time of his injury the plaintiff was employed by Siemens Westinghouse as a millwright and was working at the Brooklyn Navy Yard dismantling, refurbishing, and rebuilding a steam turbine. The Brooklyn Navy Yard hired the defendant, Palmark, Inc., to provide power plant maintenance operations, and the defendant hired Siemens Westinghouse to provide the necessary labor to repair or replace power plant equipment. The plaintiff commenced this action against the defendant alleging, inter alia, violations of Labor Law § 241 (6), based upon the defendant's failure to comply with, among other things, 12 NYCRR 23-6.1 (b). The defendant moved for summary judgment dismissing the complaint and the Supreme Court denied the motion in part. We reverse insofar as appealed from.

Contrary to the plaintiff's contention, 12 NYCRR 23-6.1 (b) cannot form the basis of a Labor Law § 241 (6) claim because it does not contain a concrete and specific standard relevant to the facts of this case (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]; *Schwab v A.J. Martini, Inc.*, 288 AD2d 654, 656 [2001]). Moreover, we agree with the defendant that the remaining sections of the Industrial Code which the plaintiff relied on before the Supreme Court are not applicable here. Thus, summary judgment should have been granted dismissing the plaintiff's complaint in its entirety.

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.