■ William B. Enge et al., Appellants-Respondents, v Ontario County Airport Management Company, LLC, Respondent, and Ontario Transit Lines, Inc., Respondent-Appellant. [809 NYS2d 345]—

Appeal and cross appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered February 10, 2005 in a Labor Law § 240 (1) action. The order, inter alia, granted the cross motion of defendant Ontario County Airport Management Company, LLC for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of defendant Ontario County Airport Management Company, LLC, reinstating the complaint against it and granting the motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law § 240 (1) action seeking damages for injuries sustained by William B. Enge (plaintiff) when the ladder on which he was standing slipped, causing him to fall approximately 15 feet to the ground. At the time of the accident, plaintiff was running telephone wires from the northeast side of a hangar to the southwest side, where new offices were located. Supreme Court erred in granting the cross motion of defendant Ontario County Airport Management Company, LLC (Airport Management) for summary judgment dismissing the complaint against it. Contrary to the contention of Airport Management, it was an "owner" within the meaning of Labor Law § 240 (1). Airport Management was not "powerless to determine which . . . company" would be hired by its lessee, defendant Ontario Transit Lines, Inc. (Transit), to perform the work at issue (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 52 [2004]). Rather, Airport Management was aware that Transit was moving its offices in the building, and Airport Management had both the right and the authority to control the work (*see Riordan v BOCES of Rochester*, 4 AD3d 869, 870 [2004]). Also contrary to the contention of Airport Management, it may nevertheless be held liable

under Labor Law § 240 (1) despite the fact that it did not actually contract for the work (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]; *Spagnuolo v Port Auth. of N.Y. & N.J.*, 8 AD3d 64 [2004]).

The court further erred in denying plaintiffs' motion for partial summary judgment on liability. Plaintiff's employer was hired by Transit to equip the new offices with working phones, and that work required the running of telephone wires from the old offices to the new offices, splicing the wires into each new office, drilling holes in the walls thereof and feeding the wires down through the walls, and drilling holes for the jacks and pulling the wires through the jacks. We agree with plaintiffs that plaintiff was engaged in "altering" a building or structure within the meaning of Labor Law § 240 (1) at the time of his injury (*see Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Weininger v Hagedorn & Co.*, 91 NY2d 958, 959-960 [1998], *rearg denied* 92 NY2d 875 [1998]; *Lang v Mancuso & Son*, 298 AD2d 960, 961 [2002]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 871 [2000]; *Di Giulio v Migliore*, 258 AD2d 903 [1999]). Contrary to the contention of defendants, it is of no moment that plaintiff was injured while simply running the wires, nor is it of any import that plaintiff's coworkers subsequently determined that they could not complete their work on the project because they lacked the proper equipment, requiring Transit to hire another entity or person to complete the project. The work performed by plaintiff was part of the contracted alteration work of equipping the new offices with telephone lines (*see Bagshaw v Network Serv. Mgt.*, 4 AD3d 831, 832-833 [2004]; *see generally Cunningham v Alexander's King Plaza, LLC*, 22 AD3d 703, 706 [2005]).

We therefore modify the order accordingly. Present—Hurlbutt, J.P., Scudder, Gorski and Smith, JJ.