■ IBRAR AHMED, Appellant, v MOMART DISCOUNT STORE, LTD., Respondent, et al., Defendant. (And a Third-Party Action.) [821 NYS2d 150]—

Order, Supreme Court, New York County (Joan Madden, J.), entered April 18, 2005, which granted defendant Momart's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an employee of third-party defendant Satisfaction Contracting, severely injured his left hand, including the loss of several fingers, while operating a table saw that had no safety guard. Plaintiff was performing renovations to a residential loft leased by third-party plaintiff Garrett Fisher from defendant Momart, the building's owner. The motion court properly granted Momart summary judgment since, as the court found, contrary to the terms of his lease, Mr. Fisher hired plaintiff's employer without obtaining Momart's approval either before, during or after the work.

As this Court noted in *Brown v Christopher St. Owners Corp.* (211 AD2d 441, 442 [1995], *affd on other grounds* 87 NY2d 938 [1996]), "[i]t is well settled that, to recover under Labor Law §§ 200, 240 and 241 as a member of the special class for whose protection these provisions were adopted, a plaintiff must establish two criteria: (1) that he was permitted or suffered to perform work on a structure and, (2) that he was hired by the owner, the general contractor or an agent of the owner or general contractor (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573,

576-577, citing *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971)." Concur—Tom, J.P., Andrias, Friedman, Williams and Sweeny, JJ.