■ JORGE CAMPOVERDE, Respondent, v LIBERTY, LLC, et al., Respondents, and 114 LIBERTY STREET CONDOMINIUM, Appellant, et al., Defendants. (And Other Actions.) [832 NYS2d 7]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered June 14, 2006, which, to the extent appealed from as limited by the briefs, (1) granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim insofar as asserted against appellant; (2) denied appellant's motion for summary judgment dismissing the complaint and cross claims as against it; (3) granted the cross motion of defendants-respondents Liberty, LLC and Steven Elghanayan for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 246 claims; and (4) dismissed as moot the third-party complaint and counterclaims, unanimously modified, on the law, plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim denied; appellant's cross motion granted; and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant 114 Liberty Street Condominium dismissing the complaint and cross claims as against it.

The City of New York's Department of Environmental Protection (DEP), not appellant owner, evacuated appellant's lower Manhattan building, solicited bids for decontamination work in the wake of the terrorist attack on September 11, 2001, hired plaintiff's employer ETS Contracting, Inc., an asbestos removal contractor, and was in charge of the environmental cleanup of the building. No one, other than the DEP's personnel or their contractors' workers, was allowed on the premises. Therefore, appellant may not be subjected to liability as an owner under Labor Law § 240 (1) (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51-52 [2004]) or § 241 (6) (*see Ahmed v Momart Discount Store, Ltd.*, 31 AD3d 307 [2006]; *Ceballos v Kaufman*, 249 AD2d 40 [1998]).

Appellant is not aggrieved by those portions of the order which granted the cross motion of respondents' Liberty, LLC

and Steven Elghanayan and dismissed as moot the third-party complaint and counterclaims. Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.