(March 20, 2007)

■ CHRISTOPHER SANATASS et al., Appellants, v CONSOLIDATED INVESTING COMPANY, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [833 NYS2d 12]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered February 28, 2005, which, insofar as appealed from as limited by the briefs, granted the motion of the Consolidated Investing Company defendants for summary judgment dismissing plaintiff's causes of action based on Labor Law § 240 (1) and § 241 (6), dismissed the complaint, all counterclaims and third-party cross claims against them, and denied plaintiff's cross motion for summary judgment on such causes, affirmed, without costs.

The motion court properly found that Consolidated is not liable to plaintiff pursuant to the relevant sections of the Labor Law because the air conditioning installation was performed without its consent and in violation of the lease, which required prior written approval for any installations (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]; *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *Ceballos v Kaufman*, 249 AD2d 40 [1998]; *Brown v Christopher St. Owners Corp.*, 211 AD2d 441, 442 [1995], *affd on other grounds* 87 NY2d 938 [1996]).

In addition to the foregoing reason, plaintiff's claim pursuant to Labor Law § 241 (6) was properly dismissed inasmuch as

Industrial Code (12 NYCRR) § 23-6.1 (b), requiring hoisting equipment to be maintained in good repair and proper operating condition at all times, with sufficient inspections to insure such maintenance, is not sufficiently specific to support a statutory violation (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-504 [1993]; *see also Ramos v Champion Combustion, Inc.*, 12 AD3d 227, 228 [2004]).

We have considered plaintiffs' other arguments and find them without merit. Concur—Andrias, J.P., Nardelli and Williams, JJ.

Sweeny and McGuire, JJ, dissent in a memorandum by McGuire, J., as follows: Plaintiff Christopher Sanatass, an employee of a nonparty contractor, was installing air conditioning units and performing duct work in a building owned by defendant Consolidated Investing Company (Consolidated). The work was being performed on a floor leased by defendant Chroma Copy (Chroma), a subsidiary of third-party defendant C2 Media (collectively, the lessees). The lease prohibited the lessees from making any changes to the demised premises without the prior consent of Consolidated. Neither of the lessees obtained Consolidated's consent for the work performed by Sanatass and his coworkers. Sanatass sustained personal injuries when an industrial air conditioning unit he and a coworker were attempting to install in the ceiling fell while being hoisted.

Sanatass, and his wife derivatively, commenced this action against, among others, Consolidated and Chroma, asserting causes of action under Labor Law § 240 (1) and § 241 (6). Consolidated asserted a cross claim against Chroma for indemnification and impleaded C2 Media seeking indemnification from it. Supreme Court granted those aspects of Consolidated's motion that sought summary judgment dismissing the complaint and all other claims as asserted against it, and denied plaintiffs' cross motion for partial summary judgment on the issue of liability under both Labor Law § 240 (1) and § 241 (6). This appeal by plaintiffs ensued.

The majority affirms Supreme Court's dismissal of the complaint as against Consolidated, reasoning that "the air conditioning installation was performed without [Consolidated's] consent and in violation of the lease, which required prior written approval for any installations." Because I believe the majority misapprehends the liability of an owner under Labor Law § 240 (1), I respectfully dissent.

Labor Law § 240 (1) imposes liability on "all owners" and the duty it imposes "to provide safe working conditions is nondelegable regardless of control" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559-560 [1993]). Rejecting the defendant's claim in

*Gordon* that it was not liable because it had leased the premises on which the accident occurred to another entity and that it neither contracted for nor benefitted from the work performed by the plaintiff, the Court stated that the following principle was controlling: "Liability [under Labor Law § 240 (1)] rests upon the fact of ownership and whether [the owner] had contracted for the work or benefitted from it are legally irrelevant" (*id.* at 560; *see Coleman v City of New York*, 91 NY2d 821 [1997]; *Celestine v City of New York*, 86 AD2d 592 [1982], *affd* 59 NY2d 938 [1983]; *Mejia v Moriello*, 286 AD2d 667 [2001]; *Seemueller v County of Erie*, 202 AD2d 1052 [1994]).

The majority relies upon *Abbatiello v Lancaster Studio Assoc.* (3 NY3d 46 [2004]) in which the Court concluded that an out-of-possession owner was not liable to a cable television repairman injured on the owner's premises while responding to the complaint of a tenant who was a cable television subscriber. The Court held that the out-of-possession owner could not be deemed an "owner" for the purposes of Labor Law § 240 (1) because, under article 11 of the Public Service Law, the owner was *required* to provide the cable repairman with access to the premises. In this regard, the Court noted that: "[The owner] is powerless to determine which cable company is entitled to operate, repair or maintain the cable facilities on its property, since such decision lies with the municipality—the franchisor. The City of New York gave [the cable company] the franchise, and the right to install its cable facilities. This included the right to maintain and service its facilities at the premises free from interference after installation" (*id.* at 52 [citations omitted]).

Unlike the owner in *Abbatiello*, Consolidated was not required by law to provide Sanatass with access to the premises. Nor, of course, was Consolidated legally "powerless" to determine what work was performed on the premises. To the contrary, the lessees were required to obtain Consolidated's consent for any "changes in or to the demised premises of any nature." Although the lessees' failure to obtain Consolidated's consent may bear on Consolidated's rights under the lease to a defense and indemnification from the lessees, neither that failure nor Consolidated's lack of knowledge of the work are relevant to Consolidated's status as an "owner" for purposes of Labor Law § 240 (1) (*see generally Enge v Ontario County Airport Mgt. Co., LLC*, 26 AD3d 896 [2006]).

As *Abbatiello* made clear, the common element "to all cases imposing Labor Law § 240 (1) liability on an out-of-possession owner—is some nexus between the owner and the worker" (3 NY3d at 51). The very nexus recognized in *Abbatiello* to be suf-

ficient to impose Labor Law § 240 (1) liability—a lease between the owner-lessor and the lessee who hired the plaintiff—is the nexus present between Consolidated and Sanatass (*see id.; see also Gordon, supra*). At bottom, the *Abbatiello* holding is narrow and its rationale does not apply here.[1] As did the Court of Appeals in *Coleman,* we should "decline to exempt [Consolidated]—which is in fact the owner—from the plain word and reach of the statute, leaving that for the Legislature if it so chooses" (91 NY2d at 823 [citations omitted]; *see Joblon v Solow*, 91 NY2d 457, 465 n 2 [1998]).[2]

Consolidated's remaining arguments with respect to plaintiffs' Labor Law § 240 (1) cause of action can be dealt with in short order. Sanatass was engaged in the alteration of a building or structure, i.e., making significant physical alterations to the premises, within the meaning of Labor Law § 240 (1) (*see Dankulich v Felchar Mfg. Corp.*, 247 AD2d 660 [1998]; *see also Joblon, supra; Scally v Regional Indus. Partnership*, 9 AD3d 865 [2004]). Plaintiffs' evidence demonstrated that Sanatass was injured while hoisting a 1,500-to-2,500-pound air conditioning unit off the ground, which he and a coworker intended to install in the ceiling above. The material lifts used to hoist the load were inadequate, and when the unit was raised approximately seven feet off the floor, one of the material lifts "gave way" and the unit dropped three to four feet knocking Sanatass to the ground and nearly crushing him. Thus, Sanatass was exposed to an elevation-related hazard—a "falling object"—covered by Labor Law § 240 (1) (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]).

I agree with the majority that Supreme Court correctly dismissed plaintiffs' cause of action under Labor Law § 241 (6) since the regulation upon which this cause of action is premised, 12 NYCRR 23-6.1 (b), is not sufficiently specific to support the claim (*Barrick v Palmark, Inc.*, 9 AD3d 414 [2004]; *Schwab v A.J. Martini, Inc.*, 288 AD2d 654 [2001], *lv denied* 97 NY2d 609 [2002]).

Accordingly, I would modify the order to the extent of denying that aspect of the motion of Consolidated which sought summary judgment dismissing plaintiffs' cause of action under Labor Law § 240 (1) and granting that aspect of plaintiffs' cross

---

**1.** Our recent decision in *Campoverde v Liberty, LLC* (37 AD3d 275 [2007]) illustrates another unusual set of facts within that rationale.

**2.** I recognize that our recent decision in *Ahmed v Momart Discount Store, Ltd.* (31 AD3d 307 [2006]) is to the contrary and supports the majority's determination. For the reasons outlined above, however, I believe that *Ahmed* was incorrectly decided.

motion which sought partial summary judgment on the issue of liability on that cause of action, and otherwise affirm.