■ Jason Andrews, Respondent, v Northwest Auto Mall et al., Appellants. [888 NYS2d 451]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 10, 2008 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motion for summary judgment and granted plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a ladder while installing a security system in a building owned by defendants. We conclude that Supreme Court properly granted plaintiff's cross motion seeking partial summary judgment on liability with respect to the Labor Law § 240 (1) cause of action. Contrary to defendants' contention, plaintiff was engaged in "altering" a building within the meaning of Labor Law § 240 (1) at the time of the accident (*see e.g. Enge v Ontario County Airport Mgt. Co., LLC*, 26 AD3d 896 [2006]). Further, "[t]o be held liable pursuant to section 240 (1), 'the owner or contractor must breach the statutory duty . . . to provide a worker with adequate safety devices, and [that] breach must proximately cause the worker's injuries' " (*Lovall v Graves Bros., Inc.*, 63 AD3d 1528, 1529 [2009], quoting *Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]). Here, plaintiff established that defendants violated Labor Law

§ 240 (1) by furnishing him with a defective ladder, and he established that the violation was a proximate cause of his fall and resulting injuries. Defendants failed to raise a triable issue of fact to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We have considered the remaining contentions of defendants and conclude that they are without merit. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Gorski, JJ.