■ MELISSA HERNANDEZ, Respondent, v 42/43 REALTY LLC et al., Appellants. (And a Third-Party Action.) [903 NYS2d 367]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered August 4, 2009, which, to the extent appealed from, as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on her cause of action pursuant to Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff, a field technician, was injured in the course of installing digital subscriber line jacks in a residential building under construction. Specifically, it was her job to ascend a ladder, situated in the subbasement, while a coworker on an upper floor was to feed her fiber-optic cable through a conduit in the ceiling. After she positioned the ladder, checked to ensure that it was firmly planted, and climbed it, it started to shake and toppled over, causing her to sustain injuries.

It is well settled that while Labor Law § 240 (1) imposes nondelegable, absolute liability upon an owner and/or contractor for any breach thereof which was proximately responsible for the plaintiff's injury (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50 [2004]), liability does not attach where a plaintiff's actions are the sole proximate cause of his or her injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). "[C]ontributory negligence[, however,] will not exonerate a defendant who has violated the statute and proximately caused a plaintiff's injury" (*Blake* at 286).

Defendants contend, for the first time on appeal, that a question of fact exists as to proximate cause, due to the allegedly conflicting accounts of the incident that plaintiff offered at her two deposition sessions. However, a review of her testimony

does not reveal any significant conflict. Moreover, notably, defendants did not produce testimony from a foreman or anyone else on the scene to dispute plaintiff's version of what took place, nor did they present any opinion, expert or otherwise, that there was anything inherently dangerous or hazardous about the manner in which plaintiff was doing her job. In addition, it is undisputed that plaintiff was not offered any protective devices or another type of ladder, and that smooth flooring was not available. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.