■ MILTON MORACHO, Respondent, v OPEN DOOR FAMILY MEDICAL CENTER, INC., Appellant-Respondent, and SCULLY CONSTRUCTION CORP. et al., Appellants, et al., Defendant. [906 NYS2d 7]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 4, 2009, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) claim against defendant Open Door and the Scully defendants (Scully), and denied Open Door's cross motion for summary judgment dismissing the Labor Law § 240 (1) claim and Scully's cross motion for summary judgment dismissing the section 240 (1) and section 241 (6) claims, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.

Plaintiff, an employee of nonparty Asbestos Corporation of America (ACA), was injured when he fell through an open skylight on the roof of the building owned by Open Door, and landed on the floor below. The building, which had previously been a furniture warehouse and showroom, was undergoing a gut renovation so as to be refit as a medical space. Scully was the general contractor on the job. The asbestos abatement work on the roof was done pursuant to a contract between Open Door and ACA.

The motion court erred in granting summary judgment to plaintiff on his Labor Law § 240 (1) claim. The motion and the cross motions for summary judgment on that claim must all be denied because of the conflicting testimony in the record as to whether a safety vest was available to plaintiff, whether he was aware of the expectation that he would "tie off" the vest, and, if so, whether "he chose for no good reason not to do so" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]; *Tonaj v ABC Carpet Co., Inc.*, 43 AD3d 337 [2007]).

Scully argues that it cannot be liable under section 240 (1) or section 241 (6) because it lacked authority or control over the asbestos contractor (ACA) and the asbestos abatement work on the roof. However, as general contractor, Scully was contractually responsible for preventing accidents at the site and for taking reasonable precautions to prevent injury to employees on the job (*see Butt v Bovis Lend Lease LMB, Inc.*, 47 AD3d 338, 340-341 [2007]). Furthermore, although the asbestos abatement contract was between Open Door and ACA, Scully selected ACA, provided ACA with access to the roof, and received daily reports from ACA. Scully's reliance on *Campoverde v Liberty, LLC* (37 AD3d 275 [2007]) is misplaced, as that case involved unusual circumstances in which the City of New York's Department of Environmental Protection evacuated a building after the September 11, 2001 terrorist attack in order to perform decontamination work, and did not allow the owner on the premises. Even accepting Scully's argument that only ACA personnel were permitted on the roof during the asbestos abatement project, there is no proof that Scully was prevented from accessing the site before the asbestos removal (*see Perez v Society of N.Y. Hosp.*, 225 AD2d 467 [1996]) or that it could not have erected safety devices below the roof skylight (outside of the asbestos abatement area) that would have prevented plaintiff from being injured. Concur—Gonzalez, P.J., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.

Motion to strike reply brief denied.