■ Anthony Balzano, Respondent, v BTM Development Partners, LLC, Defendant, Target Corporation, Respondent/Third-Party Plaintiff-Respondent, and Plaza Construction Corp., Appellant/Third Third-Party Plaintiff-Appellant. Certified Multi-Media Solutions, Ltd., Third-Party Defendant-Appellant/Fourth Third-Party Defendant-Appellant. Getronics, USA, Inc., Third Third-Party Defendant-Respondent/Fourth Third-Party Plaintiff-Respondent. (And Another Third-Party Action.) [28 NYS3d 683]—

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered November 7, 2014, bringing up for

review, an order, same court and Justice, entered October 30, 2014, which, inter alia, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim against defendant Plaza Construction Corporation, denied Plaza's cross motion for summary judgment dismissing plaintiff's claims and defendant Target Corporation's cross claim for contractual indemnification against it, and granted the motion of third third-party defendant/fourth third-party plaintiff Getronics, USA, Inc., for summary judgment dismissing Plaza's complaint against it, granted Target's cross motion for contractual indemnification against Getronics, and granted Getronics's cross motion for summary judgment on its claim for contractual indemnification against fourth third-party defendant Certified Multi-Media Solutions Ltd., unanimously modified, on the law, to deny plaintiff's motion for partial summary judgment as against Plaza, and to reinstate Plaza's third third-party claims against Getronics, USA, Inc., and otherwise affirmed, without costs. Certified's notice of a appeal from the October 30, 2014 order deemed timely notice of appeal from the judgment (see CPLR 5520 [c]).

When plaintiff fell from a scissor lift, he was working for Certified pursuant to its subcontract with Getronics, which had contracted directly with tenant/store owner Target. Plaza, which was the general contractor for the build-out of a retail store being undertaken by Target, asserts that it was not the general contractor for the purposes of Labor Law liability for Target's contract with Getronics and the subcontract with Certified. Plaza claims that the work of Getronics and Certified was specifically carved out of its contract with Target, and that Plaza had no supervisory responsibility for Getronics and Certified. However, other evidence, namely article 10 ("PROTECTION OF PERSONS AND PROPERTY"), section 10.2.8 of the contract between Plaza and Target, and the testimony of Target's representative, suggests that Plaza exercised actual supervisory control over the entire premises. Contrary to Plaza's allegations, the fact that in Target's particular contract with Plaza, Target retained the right to enter into separate agreements for other work not to be performed by Plaza does not eliminate issues of fact as to whether Plaza exercised supervisory control over the entire premises. The features of the separate agreement relate mainly to the relationship between Target and Getronics. We are only concerned with the existence and the extent of the control and supervision over the premises exercised by Plaza. The aforementioned provisions of the contract and the testimony of Target's representative raise an issue of fact as to whether Plaza was charged

with the legal duty usually resting upon a general contractor, to use reasonable care to furnish a safe place to work for the employees of all contractors performing work on the job (*see Moracho v Open Door Family Med. Ctr., Inc.*, 74 AD3d 657, 658 [1st Dept 2010] [where the plaintiff's employer, an asbestos removal company, was prime contractor directly hired by owner, and general contractor was purportedly restricted from area where plaintiff was working at time of accident, general contractor could still be held liable under Scaffold Law because general contractor "was contractually responsible for preventing accidents at the site and for taking reasonable precautions to prevent injury to employees on the job"]).

The motion court properly granted the contractual indemnification claims of Target and Getronics. The claims are encompassed by the language of the indemnification agreements, which do not run afoul of General Obligations Law § 5-322.1.

We have considered the appealing parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.