■ BALLYRAM GOPIE, Respondent, v MUTUAL OF AMERICA LIFE INSURANCE COMPANY, Appellant. [37 NYS3d 122]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered November 3, 2014, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the issue of defendant's Labor Law § 240 (1) liability, and denied defendant's cross motion for summary judgment

dismissing the Labor Law §§ 240 (1) and 200 and common-law negligence claims, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.

Neither side is entitled to summary judgment on the claim under Labor Law § 240 (1), because the record presents a triable issue, which cannot be resolved as a matter of law, as to whether plaintiff, at the time of his incident, was engaged in protected activity within the meaning of Labor Law § 240 (1), or routine maintenance (*cf. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004] [finding as a matter of law that the plaintiff had been engaged in routine maintenance]).

The court also correctly denied defendant's cross motion insofar as it sought summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, because defendant admits that it owned the scaffold that collapsed under plaintiff, and the record presents factual issues as to whether the collapse resulted from a defect in the scaffold of which defendant had notice. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.