Colon v Third Ave. Open MRI, Inc. (2019 NY Slip Op 04107)





Colon v Third Ave. Open MRI, Inc.


2019 NY Slip Op 04107


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9440 23906/15E

[*1]Felix Colon, Plaintiff-Appellant,
v
Third Avenue Open MRI, Inc., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Gerard Benvenuto of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 21, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and granted defendants' cross motion for summary judgment dismissing the claim, unanimously affirmed, without costs.
Plaintiff, who occasionally worked as a handyman for defendants, was injured when he fell from a six-foot A-frame ladder which he was climbing to fix a leak from the ceiling in defendant's x-ray room. Plaintiff surmised that the leak was coming from the joint of a cast iron drain pipe in the ceiling, and that he could tighten the clamps with a screwdriver that he had on his person. Defendant's principal testified that the leak eventually stopped on its own, and he ultimately learned that the source of the leak was a spill from the apartment above, and not an issue with the plumbing system at all. Under these circumstances, the motion court correctly found that plaintiff was engaged in routine maintenance, rather than "repairing," and, therefore, that defendants cannot be held liable for his injury under Labor Law § 240(1) (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 53 [2004]; Esposito v New York City Indus. Dev. Agency, 1 NY3d 526 [2003]; cf. Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc., 118 AD3d 524, 526-527 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK