Calle v 686 Broadway Realty, LLC (2026 NY Slip Op 01450)

Calle v 686 Broadway Realty, LLC

2026 NY Slip Op 01450

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 158597/19|Appeal No. 6109|Case No. 2024-06539|

[*1]Jeffry Calle, Plaintiff-Respondent,
v686 Broadway Realty, LLC, et al., Defendants-Respondents, Schimenti Construction Company, LLC, Defendant-Appellant, Evolve Construction Management LLC, Defendant.

686 Broadway Realty, LLC, et al., Third-Party Plaintiffs-Respondents,
vBranch Restoration, Inc., Third-Party Defendant-Respondent.

Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for Jeffry Calle, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Julia Audibert of counsel), for 686 Broadway Realty, LLC and Great Jones Distillers, LLC, respondents.
Wood Smith Henning & Berman LLP, New York (Matthew Lavoie of counsel), for Branch Restoration, Inc., respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about September 25, 2024, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and his Labor Law § 241(6) claim premised upon Industrial Code (12 NYCRR) § 23-1.7(b)(1) as against defendant Schimenti Construction Company, LLC, and denied Schimenti's motion for summary judgment dismissing the complaint and all cross-claims against it, unanimously affirmed, without costs.
Plaintiff, an employee of third-party defendant Branch Restoration, Inc., alleges that while he was performing asbestos abatement work on a construction project, an unsecured wooden plank moved, causing him to fall into a hole and sustain injuries.
Under the facts of this case, Schimenti, the general contractor at the construction site, is a proper Labor Law defendant. The record sufficiently establishes Schimenti's status as a statutory agent for purposes of liability under Labor Law §§ 240(1) and 241(6), as it had "supervisory control and authority over the work being done when the plaintiff [was] injured" (Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]). Even though Schimenti did not retain plaintiff's employer to perform the asbestos abatement, the evidence demonstrates that Schimenti oversaw the build-out of the project, retained multiple other subcontractors for the work, set daily work schedules, coordinated ongoing work, and was responsible for overall jobsite safety.
We reject Schimenti's argument that because it lacked control over and access to the asbestos abatement area, it is not liable for plaintiff's injuries. Labor Law protections afforded to workers from gravity-related injury and violations of the Industrial Code extend to asbestos workers, and this Court has held that access to a work site before removal of asbestos is sufficient to support a finding that a general contractor has control over the site (Perez v Society of N.Y. Hosp., 225 AD2d 467, 467 [1st Dept 1996]; see Moracho v Open Door Family Med. Ctr., Inc., 74 AD3d 657, 658 [1st Dept 2010]). In any event, Schimenti's argument that it had no responsibility for the safety of the area cordoned off for asbestos abatement is not supported by the record. Schimenti's superintendent testified that it prepared the area by covering holes, creating safety zones, and erecting barriers before Branch Restoration took charge of the area (see Moracho,., 74 AD3d at 658).
Because Supreme Court correctly found Schimenti to be a proper Labor Law defendant and granted plaintiff summary judgment on his Labor Law § 240(1) claim, Schimenti's argument concerning plaintiff's Labor Law § 200 and common-law negligence claims is academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
We decline to consider Schimenti's challenge to the denial of its motion for summary judgment dismissing the cross-claims for contractual indemnification asserted against it by 686 Broadway Realty, LLC, and Great Jones Distillers, LLC, as the challenge is not properly before us. Schimenti filed a separate motion raising the issue of indemnification and failed to reference or incorporate that determination in the notices of appeal (compare Martin v Silver, 170 AD3d 505, 506 [1st Dept 2019][this Court lacked jurisdiction to entertain the plaintiff's challenges to particular determinations of the motion court because the plaintiff's notice of appeal did not refer to or otherwise incorporate those determinations] with 20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 734 [1st Dept 2013] [Court considered an interim order that was procedurally and substantively intertwined with the order appealed from]). In any event, Supreme Court properly declined to dismiss the cross-claims for contractual indemnification given the broad language of the indemnification provision and Schimenti's responsibility for site safety and preparation of the asbestos area (see Ajche v Park Ave. Plaza Owner, LLC, 171 AD3d 411, 413-414 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026