■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GHERMAN CLUSON, Appellant. [612 NYS2d 847] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered January 5, 1993, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.

■ ANNE M. YANNI, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. MORRISON-KNUDSEN COMPANY, INC., Third-Party Plaintiff-Respondent, v TRES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Third-Party Plaintiff-Respondent, v TRES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [612 NYS2d 848] —Order, Supreme Court, New York County (Stephen Crane, J.), entered April 28, 1993, which denied plaintiff's motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously affirmed, without costs.

As noted by the IAS Court, a cause of action under Labor Law § 240 (1) requires a showing not only that the statute was violated but that the violation was a contributing cause of the accident *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524).* The conflicting proof in the record on that aspect of the case must be reached at trial. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.