■ DENNIS COSBAN, Appellant, et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. (And a Third-Party Action.) [641 NYS2d 838] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about September 12, 1994, which, to the extent herein appealed, denied plaintiff Cosban's motion for summary judgment as to liability pursuant to Labor Law § 240 (1) against defendants Carlin-Atlas Corp. and New York City Transit Authority, unanimously modified, on the law, to the extent of granting the motion as against the general contractor, defendant-respondent Carlin-Atlas Corp., and otherwise affirmed, without costs.

Plaintiff Dennis Cosban, a licensed crane operator, was injured during the construction of defendant New York City Transit Authority's Gun Hill Road Bus Terminal. Cosban was using a 125-ton Grove Hydraulic crane, mounted on a truck, to lift bundles of sheetrock from a flatbed truck and move them to the roof of a building, when the crane toppled over. As the crane fell over, plaintiff either jumped or was ejected from the cab of the crane, falling 20 feet down to the ground. On his motion for summary judgment pursuant to Labor Law § 240 (1), plaintiff contended that, while the crane apparently fell over due to defective wood cribbing, defendants are statutorily liable to him regardless of the actual cause of the crane's overturn. The IAS Court denied plaintiff's motion for summary judgment on the ground that his injury did not result from an elevation-related hazard.

It is well established that the duty imposed by Labor Law

§ 240 (1) is nondelegable, and, consequently, an owner and/or contractor who breaches that duty may be held liable in damages regardless of whether it actually exercised supervision or control over the work (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513) and regardless of whether the worker's negligence contributed to the mishap (*Rocovich v Consolidated Edison Co., supra,* at 513; *Bland v Manocherian*, 66 NY2d 452, 459-461). Moreover, Labor Law § 240 (1) is to be liberally construed so as to accomplish the purpose for which it was enacted (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500; *Rocovich v Consolidated Edison Co., supra,* at 513; *Koenig v Patrick Constr. Corp.*, 298 NY 313, 319).

Applying these principles to the case at bar, we conclude that plaintiff was entitled to summary judgment on his Labor Law § 240 (1) claim, as against the general contractor. It is uncontested that the crane that plaintiff was operating tipped over, thereby causing him to jump or fall out. The toppling of a crane on its side for no apparent reason constitutes a *prima facie* violation of Labor Law § 240 (1), and defendant has not offered any evidence to raise a question of fact or an acceptable excuse for its failure to furnish proper protection to plaintiff (*see, Davis v Pizzagalli Constr. Co.*, 186 AD2d 960; *Bras v Atlas Constr. Corp.*, 166 AD2d 401; *Hauff v CLXXXII Via Magna Corp.*, 118 AD2d 485; *see also, Zuckerman v City of New York*, 49 NY2d 557).

Furthermore, we find unpersuasive the argument that plaintiff's motion for summary judgment was properly denied because he failed to demonstrate either how the accident occurred or whether the purported statutory violation was a proximate cause of his injuries. The overturning of the crane was an integral part of the accident and plaintiff was clearly injured as a result of his fall therefrom. Here, there is no question of fact as to what really happened or whether the statutory breach contributed to the accident or whether there was an intervention by some outside force, such as a gust of wind (*see, Nohejl v 40 W. 53rd Partnership*, 205 AD2d 462; *Yanni v Port Auth.*, 203 AD2d 188; *Zeitner v Herbmax Sharon Assocs.*, 194 AD2d 414; *Hartley v Spartan Concrete*, 172 AD2d 586; *Shatarat v G S L Enters.*, 160 AD2d 248; *Avner v 93rd St. Assn.*, 147 AD2d 414). Rather, in this case, there was an acknowledged toppling of a crane, and it is not the obligation of an injured worker to show why the device tipped over (*see, Davis v Pizzagalli Constr. Co., supra; Bras v Atlas Constr. Corp., supra; Hauff v CLXXXII Via Magna Corp., supra). Accordingly, plaintiff's

motion for summary judgment as to liability on his claim pursuant to Labor Law § 240 (1) should have been granted as against defendant Carlin-Atlas Corp.

We affirm the denial of summary judgment against defendant New York City Transit Authority because plaintiff failed to conclusively establish that it was the owner of the property. To the extent that plaintiff now seeks to characterize this defendant as a contractor or construction manager, we find that this theory was not advanced below, and we decline to reach it at this juncture. These factual issues preclude the grant of summary judgment against the New York City Transit Authority. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.