■ CARLETON STUDIO, LTD., et al., Respondents, v MONY LIFE INSURANCE COMPANY, Appellant. [793 NYS2d 919]—In an action to recover the proceeds of a life insurance policy, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 24, 2003, which granted the plaintiffs' motion for summary judgment and denied its cross motion to dismiss the complaint on the ground that it is barred by the doctrine of laches.

Ordered that the order is affirmed, with costs.

Although the defendant correctly asserts that the doctrine of collateral estoppel is not applicable under the circumstances of this case (*see Matter of Hunter*, 6 AD3d 117, 121 [2004], *affd* 4 NY3d 260 [2005]), the Supreme Court properly granted the

plaintiffs' motion for summary judgment. In opposition to the plaintiffs' motion establishing their entitlement to judgment as a matter of law, the defendant failed to submit evidence in admissible form establishing that there is a triable issue of fact as to whether the plaintiffs were entitled to recover under its insurance policy. Mere conclusory allegations, expressions of hope, or unsubstantiated assertions may not defeat a motion for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Savino Oil & Heating Co. v Rana Mgt. Corp.,* 161 AD2d 635 [1990]). Accordingly, the plaintiffs' motion for summary judgment was properly granted (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Caporino v Travelers Ins. Co.,* 62 NY2d 234 [1984]).

The defendant's cross motion to dismiss the complaint as barred by the doctrine of laches was properly denied (*see Fidelity Natl. Tit. Ins. Co. of N.Y. v First N.Y. Tit. & Abstract,* 269 AD2d 560 [2000]; *Cohen v Krantz,* 227 AD2d 581 [1996]). Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.