■ PAUL FITZSIMMONS, Respondent, v CITY OF NEW YORK et al., Appellants, BAY CRANE SERVICE, INC., Respondent, et al., Defendant. (And Third-Party Actions.) [831 NYS2d 441]—

In an action to recover damages for personal injuries, etc., the defendants City of New York, Board of Education of the City of New York, New York City School Construction Authority, J.A. Construction Company, J.A. Jones Construction Group, LLC, J.A. Jones GMO LLC, J.C. Steel Corp., and Michael Nolan appeal, as limited by their brief and oral argument, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated February 17, 2005, as granted the plaintiff's motion for summary judgment against them on the issue of liability pursuant to Labor Law § 240 (1) and granted that branch of the cross

motion of the defendant Bay Crane Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff-respondent and the defendant-respondent.

The defendants City of New York, Board of Education of the City of New York, and New York City School Construction Authority (hereinafter the City) owned real property where they were building a high school. The City hired the defendant J.A. Jones Construction Group, LLC (hereinafter J.A. Jones), as the general contractor on the project. The plaintiff, who worked for a subcontractor hired by J.A. Jones, allegedly sustained injuries when a crane fell at the construction site. The plaintiff was in a lift approximately 16 to 20 feet off the ground constructing a fence at the site when the crane fell over, hit the lift in which the plaintiff was working, and caused him to be thrown out. The plaintiff commenced this action against, among others, the appellants and Bay Crane Service, Inc. (hereinafter Bay Crane), alleging, inter alia, violations of Labor Law § 240 (1). The appellants asserted cross claims against Bay Crane for indemnification and contribution.

The plaintiff moved for summary judgment on his cause of action pursuant to Labor Law § 240 (1) against the appellants. Bay Crane cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The appellants opposed the plaintiff's motion and Bay Crane's cross motion. The Supreme Court, inter alia, granted the plaintiff's motion for summary judgment against the appellants on the issue of liability pursuant to Labor Law § 240 (1) and granted that branch of Bay Crane's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Labor Law § 240 (1) requires that contractors and owners furnish or erect "hoists . . . pulleys . . . and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." A crane that lifts its cargo directly to the roof of the building where the construction work is being performed meets the statutory definition of a hoist, and a hoist that falls and causes injury to a plaintiff gives rise to liability under Labor Law § 240 (1) (*see Jiron v China Buddhist Assn.*, 266 AD2d 347 [1999]; *see also Cosban v New York City Tr. Auth.*, 227 AD2d 160 [1996]; *Hargobin v K.A.F.C.I. Corp.*, 282 AD2d 31 [2001]). As a result, the plaintiff established his prima facie entitlement to judgment as a matter of law by prof-

fering evidence that the crane toppled and fell on the lift, causing him to sustain injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Cosban v New York City Tr. Auth., supra* at 160). In opposition, the appellants failed to raise a triable issue of fact.

Contrary to the appellants' argument, a "recalcitrant worker defense" is unavailable in this case. To raise a triable issue of fact as to a possible recalcitrant worker defense, the appellants must establish that the injured worker deliberately refused to use available and adequate safety devices in place at the work station (*see Harris v Rodriguez*, 281 AD2d 158 [2001]; *see also Kouros v State of New York*, 288 AD2d 566, 567 [2001]; *Akins v Central N.Y. Regional Mkt. Auth.*, 275 AD2d 911 [2000]). In opposition to the plaintiff's motion for summary judgment, the appellants produced no evidence to establish the existence of a triable issue of fact as to such defense or any other issue (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]).

The Supreme Court also properly granted that branch of Bay Crane's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Bay Crane sustained its burden of showing entitlement to summary judgment by submitting evidence that there was no defect in the crane on the day of the accident, and that it neither supervised nor controlled the crane operator (*see Carleton Studio, Ltd. v MONY Life Ins. Co.*, 18 AD3d 491, 492 [2005]; *Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2004]). In opposition, the appellants failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra* at 563).

The appellants' remaining contentions are without merit. Schmidt, J.P., Santucci, Lifson and Lunn, JJ., concur.