■ MARCOS MENNIS, Respondent, v COMMET 380, INC., Respondent-Appellant, SOLOW MANAGEMENT CORP., Respondent, and TAG 380 LLC, Appellant-Respondent. (And a Third-Party Action.) [864 NYS2d 414]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 29, 2008, which denied defendant Commet's motion for summary judgment and granted plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim against all defendants, unanimously modified, on the law, Commet granted conditional summary judgment on its contractual indemnity claim, and a declaration issued that defendant TAG's insurer has a duty to defend Commet in this action, and otherwise affirmed, without costs.

Plaintiff worker was injured in a fall from an affixed metal hatch ladder that led to the roof of the building Commet owned. TAG, Commet's long-term net lessee, had hired him to paint the support beams to the building's air conditioning cooling towers on the roof. Plaintiff's work supplies were stored in the room where the hatch ladder was located.

The argument by Commet and TAG that the affixed hatch ladder was not a safety device as defined under section 240 (1) is raised for the first time on appeal, and is thus unpreserved. Contrary to TAG's assertion, the issue is not easily decided as a matter of law on the existing record (*cf. Chateau D' If Corp. v*

*City of New York*, 219 AD2d 205 [1996], *lv denied* 88 NY2d 811 [1996]).

Plaintiff's unrefuted evidence that water regularly sprayed from the cooling towers onto the ladder's surface, that he repeatedly notified defendants of this condition prior to his fall, and that he fell when his hand slipped from the wet ladder, provided a sufficient basis for awarding him partial summary judgment as to liability on his section 240 (1) claim. Under the circumstances, defendants' challenges to plaintiff's credibility, and their arguments with respect to plaintiff's conduct, inter alia, in carrying a paint can in one hand while climbing the ladder, do not warrant a different result. Evidence indicates that defendants had prompt notice of the accident and an opportunity to inspect, yet they offered no probative evidence to refute plaintiff's claim of a wet, hazardous condition on the ladder.

Commet was liable under section 240 (1) notwithstanding its out-of-possession status and asserted lack of active negligence in connection with plaintiff's injury (*see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 341 [2008]). It was entitled, however, to summary judgment on its indemnity claim, as the parties to the lease were sophisticated business entities who unmistakably indicated their intention to allocate risk of liability between them for the protection of third parties on the premises through the procurement of insurance (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 419 [2006]). In light of these acts, there is no basis in the record for finding that the indemnity provision violated General Obligations Law § 5-321.

Commet alleges that the lease required TAG to procure insurance on Commet's behalf as a primary insured. However, it was sufficient to satisfy the lease requirements for TAG to procure insurance naming Commet as an additional insured on its policy covering the premises. In addition, TAG was obligated to defend Commet in this litigation. Where, as here, the net lease agreement obligates the tenant to make all repairs, both structural and nonstructural, and undertake full maintenance of the premises, and where the landlord has been named as an additional insured on the tenant's policy protecting against the type of risk and injury at issue here, the tenant's insurer has a duty to defend the landlord in the action (*see ZKZ Assoc. v CNA Ins. Co.*, 89 NY2d 990 [1997]). Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ. [*See* 2008 NY Slip Op 30553(U).]