RAKESH KALRA, Respondent, v CHHAYA KALRA, Appellant. [870 NYS2d 447]

"Stipulations of settlement are favored by the courts and are not lightly set aside" (*Gilbert v Gilbert,* 291 AD2d 479, 480 [2002]). A stipulation of settlement, such as the one at bar, which is entered into in open court by parties who assent to its terms and who are represented by counsel, will not be set aside unless it is shown that the agreement was procured by mistake, fraud, duress, overreaching, or unconscionability (*see Matter of Crouse v Crouse,* 53 AD3d 750 [2008]; *Shockome v Shockome,* 53 AD3d 610 [2008]; *Doukas v Doukas,* 47 AD3d 753 [2008]).

Contrary to the defendant's contention, the record does not disclose that her former counsel was negligent in representing her in connection with the stipulation of settlement which was entered into in open court, without objection by the defendant (*see DeGregorio v Bender,* 4 AD3d 385 [2004]; *see also Hallock v State of New York,* 64 NY2d 224 [1984]). The defendant also failed to demonstrate that the stipulation was the result of duress (*see Wilutis v Wilutis,* 184 AD2d 639 [1992]). Finally, insofar as the defendant contends that the agreement should be set aside on the basis of mistake and fraud, this argument is not properly before us as it is raised for the first time on appeal. Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.