(February 10, 2009)

■ SHALABI ALI et al., Respondents, v RICHMOND INDUSTRIAL CORP., Appellant, et al., Defendants. [873 NYS2d 207]—

In an action to recover damages for personal injuries, etc., the defendant Richmond Industrial Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated July 11, 2007, as denied those branches of its motion which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, and granted the plaintiffs' cross motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it, and properly granted the plaintiffs' cross motion for summary judgment on the issue of liability with respect to that alleged violation. The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) by submitting deposition testimony establishing that the crane the injured plaintiff was operating fell or tipped over due to improper maintenance (*see Fitzsimmons v City of New York,* 37 AD3d 655 [2007]; *Cosban v New York City Tr. Auth.,* 227 AD2d 160, 161 [1996]). In opposition, the appellant failed to raise a triable issue of fact.

Contrary to the appellant's contention, its status as an out-of-possession landlord/owner does not shield it from liability under Labor Law § 240 (1) or § 241 (6) since the record shows that there was a clear nexus between it and the injured plaintiff (*see Sanatass v Consolidated Inv. Co., Inc.,* 10 NY3d 333, 339-340 [2008]; *Coleman v City of New York,* 91 NY2d 821, 822 [1997]; *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 560 [1993]; *Celestine v City of New York,* 59 NY2d 938 [1983], *affg* 86 AD2d 592 [1982]; *cf. Abbatiello v Lancaster Studio Assoc.,* 3 NY3d 46 [2004]). Further, there is no merit to the appellant's contention that the injured plaintiff was engaged in manufacturing work at the time of the accident or that the premises constituted a "factory" under Labor Law § 2 (9) (*cf. Jock v Van Petty,* 176 AD2d 6 [1992], *affd* 80 NY2d 965 [1992]). The appellant's additional contention that the injured plaintiff was merely engaged in postconstruction testing at the time of the accident is not properly before this Court, since it was raised for the first time on appeal (*see Mennis v Commet 380, Inc.,* 54 AD3d 641 [2008]).

The Supreme Court also properly denied that branch of the appellant's motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) predicated upon an alleged violation of Industrial Code §§ 23-8.1, 23-8.2 and 23-8.5 (12 NYCRR 23-8.1, 23-8.2, 23-8.5). As with its opposition to the plaintiffs' cross motion with respect to the alleged violation of Labor Law § 240 (1), the appellant failed to demonstrate that it was not an owner under the statute or that the injured plaintiff was not engaged in a protected activity. Further, the appellant failed to submit any evidence establishing that it did not violate the subject Industrial Code provisions. Since the appellant failed to make a

prima facie showing of entitlement to judgment as a matter of law, that branch of its motion was properly denied regardless of the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur. [*See* 2007 NY Slip Op 32045(U).]