■ ROBERT LEE SMITH, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [876 NYS2d 658]—In an action to recover damages for assault, abuse of process, malicious prosecution, and intentional infliction of emotional distress, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated September 19, 2008, as denied those branches of their motion pursuant to CPLR 3211 and General Municipal Law § 50-e which were to dismiss the second and third causes of action alleging abuse of process and malicious prosecution, respectively.

Ordered that the order is affirmed insofar as appealed from, with costs.

General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against a municipality (*see* General Municipal Law § 50-e [1] [a]; *Casias v City of New York*, 39 AD3d 681, 682 [2007]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920 [2007]; *Bovich v East Meadow Pub. Lib.*, 16 AD3d 11, 16 [2005]; *Bluitt v Ridge Fire Dist.*, 230 AD2d 814, 815 [1996]). "Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality" (*Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]; *see Knox v New York City Bur. of Franchises & N.Y. City*, 48 AD3d 756, 757 [2008]). Contrary to the defendants' contention before the Supreme Court, the plaintiff served a timely notice of claim pursuant to General Municipal Law § 50-e with respect to the second and third causes of action alleging abuse of process and malicious prosecution, respectively.

We have not considered the defendants' remaining contentions which were improperly raised for the first time in their reply papers before the Supreme Court (*see Medugno v City of Glen Cove*, 279 AD2d 510 [2001]) or on appeal (*see Ali v Richmond Indus. Corp.*, 59 AD3d 469 [2009]; *Kalra v Kalra*, 57 AD3d 947 [2008]; *Robinson v Way*, 57 AD3d 872 [2008]; *Provident Bank v Giannasca*, 55 AD3d 812 [2008]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.