■ SHPETIM HAJDERLLI, Appellant, v WILJOHN 59 LLC et al., Respondents. WILJOHN 59 LLC et al., Third-Party Plaintiffs-Respondents, v INNOVATIVE ELECTRIC OF NEW YORK, INC., Third-Party Defendant-Respondent. [897 NYS2d 37]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered August 31, 2009, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), and granted defendants' motions for summary judgment dismissing the section 240 (1) claims, unanimously affirmed, without costs.

According to plaintiff, although he did not use the A-frame ladder as intended by unfolding it, but instead, following his supervisor, used it as a ramp to reach the ground floor approximately four feet below, his use of the ladder was not what caused him to fall. Rather, plaintiff fell because his supervisor, who had himself just reached the ground safely without opening or securing the ladder, apparently forgot or never realized that plaintiff was on the ladder, and pulled it away. That act was not foreseeable in the normal course of events, and was so far removed from any conceivable violation of the statute due to the failure to use, or inadequacy of, a safety device of the kind enumerated in the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]) as to constitute, as a matter of law, a superseding act that broke any causal connection be-

tween any such violation of the statute and plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). We have considered plaintiff's other arguments and find them unavailing. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ. **[Prior Case History: 24 Misc 3d 1242(A), 2009 NY Slip Op 51849(U).]**