■ In the Matter of EAST 51ST STREET CRANE COLLAPSE LITIGATION. JOHN DELLA PORTA et al., Respondents, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.) DENISE C. BLEIDNER, Respondent, v EAST 51ST STREET DEVELOPMENT COMPANY, et al., Appellants, et al., Defendants. (And a Third-Party Action.) ROSALIE STEPHENS, Respondent, v CITY OF NEW YORK et al., De-

fendants, and EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Appellants. (And a Third-Party Action.) SUSAN JENDERSEE, Respondent, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.) JESSICA GALLONE, Respondent, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.) THALIA M. MAZZA, Respondent, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.) CATHERINE M. COHEN, Respondent, et al., Plaintiffs, v EAST 51ST STREET DEVELOPMENT COMPANY, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.) [931 NYS2d 860]—

Where, as here, it is undisputed that plaintiff John Della Porta was injured as a result of the collapse of a crane, a prima facie case of liability under Labor Law § 240 (1) is established (*see Thompson v St. Charles Condominiums*, 303 AD2d 152, 154 [2003], *lv dismissed* 100 NY2d 556 [2003]; *Cosban v New York City Tr. Auth.*, 227 AD2d 160, 161 [1996]). Plaintiffs' alleged reliance on inadmissible reports is of no moment, given the undisputed facts.

Defendants have failed to raise an issue of fact as to whether they violated Labor Law § 240 (1) and whether such violation proximately caused plaintiff John Della Porta's injuries (*see Cosban*, 227 AD2d at 161). The alleged failure of plaintiff's coworker to provide adequate safety devices, such as slings, does not raise an issue of fact. The existence of unused safety devices at the work site can bar recovery only if the devices were readily available at the work site; plaintiff knew that they were available and that he was expected to use them; he chose not to use them "for no good reason"; and such choice caused the accident (*Gallagher v New York Post*, 14 NY3d 83, 88 [2010]; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40

[2004]). Here, there was no evidence that plaintiff knew where to find the safety devices that defendants argue were readily available, or that he knew he was expected to use them but chose not to do so (*see Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 11 [2011]). The rigging contractor's alleged failure to properly rig the crane also fails to raise an issue of fact. Indeed, the rigger's conduct was not "so far removed from any conceivable violation of the statute" as to constitute a superseding cause of the accident (*Hajderlli v Wiljohn 59 LLC*, 71 AD3d 416, 416 [2010], *lv denied* 15 NY3d 713 [2010]).

Contrary to defendant property owner's contention, Labor Law § 240 (1) holds owners and general contractors absolutely liable for any breach of the statute even if they do not have a continuing duty to supervise the use of safety equipment (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]). We reject defendant construction manager's argument that it is not an owner or general contractor and thus cannot be held liable under the statute. Pursuant to its contract with the property owner, the construction manager had supervisory authority and control over the project and thus is vicariously liable as an agent of the owner (*see Castellon v Reinsberg*, 82 AD3d 635, 636 [2011]; *Minorczyk v Dormitory Auth. of the State of N.Y.*, 74 AD3d 675, 675 [2010]). Summary judgment is not premature. Defendants have not shown that additional discovery is necessary (*see Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418, 418 [2009]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ.