■ STEVEN GIDUMAL, Appellant-Respondent, v JOLANTYNA J. CAGNEY et al., Respondents-Appellants. [43 NYS3d 19]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 7, 2015, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and denied their request for sanctions against plaintiff for engaging in frivolous litigation pursuant to 22 NYCRR 130-1.1, unanimously affirmed, with costs.

This action arises from the service of documents on plaintiff

in an unrelated divorce proceeding and the resulting service affidavit filed by defendants, which plaintiff claims to contain material falsehoods. Specifically, the affidavit of service contained a statement that defendant Cagney, a licensed process server, knew plaintiff from effecting a previous personal service upon him on "11/3/14." In fact, the service affidavit should have reflected that the earlier service had taken place on "10/3/14." Plaintiff also claims that Cagney reported in the "Additional Information" section of the service affidavit that he had verbally abused her, calling her a "f . . . bitch" and "f . . . whore," when in fact he had not made these statements Plaintiff alleges that these false statements violated Administrative Code of City of NY § 20-409.2 and that defendants' actions were an abuse of process. He claims to have been damaged in the amount of $1 million.

In recent years, the New York City Council amended the Administrative Code to grant a private right of action against process servers and process agencies for injuries suffered as a result of their "failure . . . to act in accordance with the laws and rules governing service of process in New York [S]tate" (Administrative Code § 20-409.2). The statute allows for recovery in the form of compensatory and punitive damages, provided that punitive damages are awarded only in the case of "willful failure to serve process," in addition to injunctive and declaratory relief, attorneys' fees and costs and any other relief the court may deem appropriate (id.). Plaintiff's allegations that the service affidavit filed by defendants incorrectly recorded an earlier service date and other superfluous information, however, does not support a cause of action under this provision. Notably, plaintiff has failed to allege with any specificity how these purportedly false statements have injured him. Plaintiff has failed to allege that he was not served with process.

Nor has plaintiff stated a claim for an abuse of process. The elements of an abuse of process cause of action are (1) regularly issued process, (2) an intent to do harm without excuse or justification, and (3) the use of process "in a perverted manner to obtain a collateral objective" (Casa de Meadows Inc. [Cayman Is.] v Zaman, 76 AD3d 917, 921 [1st Dept 2010] [internal quotation marks omitted]). Plaintiff has failed to allege facts to support these elements. First, plaintiff's allegations rest primarily on the purportedly false statements contained in the service affidavit, and not the actual process at issue - the order to show cause papers that were served on plaintiff in the divorce action. Further, because the order to show cause

undoubtedly had a legitimate purpose, the IAS court correctly held that plaintiff failed to state a claim for abuse of process. "If process has a legitimate purpose, the allegation that it was misused does not suffice to state a claim for abuse of process" (*id.*).

With respect to the IAS court's refusal to impose sanctions, the IAS court did not "clear[ly] abuse" its discretion in denying this branch of defendants' motion, and we find no reason to disturb this portion of the court's order (*Pickens v Castro*, 55 AD3d 443, 444 [1st Dept 2008]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.