DeGidio v City of New York (2019 NY Slip Op 07218)





DeGidio v City of New York


2019 NY Slip Op 07218


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


151460/13 10018A 59544/14 10018

[*1] Joseph DeGidio, Plaintiff-Respondent-Appellant,
v
The City of New York, et al., Defendants-Appellants-Respondents, Hoffman Equipment Company, et al., Defendants.
Metropolitan Transportation Authority, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Hoffman Equipment Company, Third-Party Defendant-Respondent-Appellant, J & E Industries, LLC, Third-Party Defendant-Respondent.


Cullen & Dykman LLP, New York (Elio M. DiBerardino of counsel), for The City of New York and Hudson Yards Development Corporation, appellants-respondents.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Mario Castellitto of counsel), for Metropolitan Transportation Authority, MTA Capital Construction, The New York City Transit Authority and the New York City Department of Transportation, appellants-respondents.
Fortunato & Fortunato, PLLC, Brooklyn (Louis A. Badolato of counsel), for Joseph DeGidio, respondent-appellant.
Lewis Johs Avallone Aviles, LLP, Islandia (John B. Saville of counsel), for Hoffman Equipment Company, respondent-appellant.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Christopher Simone of counsel), for respondent.



Order, Supreme Court, New York County, (Arlene P. Bluth, J.), entered November 21, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, granted defendants Metropolitan Transportation Authority, MTA Capital Construction, The New York City Transit Authority, and the New York City Department of Transportation's (collectively the MTA defendants) motion to dismiss plaintiff's Labor Law § 241(6) claim, granted defendant Hoffman Equipment Company's (Hoffman) motion to dismiss plaintiff's Labor Law § 200 and common law claims as against it, granted third-party defendant J & E Industries, LLC's (J & E) summary judgment motion to dismiss the indemnification claims against it, denied the MTA defendants' motion for summary judgment on their contractual indemnification claims against J & E, denied defendants the City of New York [*2](City) and Hudson Yards Development Corporation's (Hudson Yards) cross motion for summary judgment dismissing plaintiff's complaint as untimely, and denied Hoffman's summary judgment motion seeking dismissal of the MTA defendants' third-party complaint against it, unanimously modified, on the law, to grant plaintiff partial summary judgment on his Labor Law § 240(1) claims against the MTA defendants and the City, dismiss the Labor Law claims against Hudson Yards, and reinstate plaintiff's common law negligence claims against Hoffman, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about February 20, 2019, which, to the extent appealable, denied the motion of the City and Hudson Yards to renew, unanimously affirmed, without costs, and otherwise dismissed as taken from an nonappealable order.
The collapse of a crane constitutes a prima facie violation of Labor Law § 240(1) (see Matter of E. 51st St. Crane Collapse Litig., 89 AD3d 426, 427 [1st Dept 2011]); Cosban v New York City Tr. Auth., 227 AD2d 160, 161 [1st Dept 1996]). A plaintiff need not be directly injured by a portion of the crane for the Labor Law to apply  injuries that occur while trying to avoid being struck during a hoisting accident may qualify (see Flores v Metropolitan Transp. Auth., 164 AD3d 418 [1st Dept 2018]; Matter of 91st St. Crane Collapse Litig., 133 AD3d 478 [1st Dept 2015]). While plaintiff's testimony at his deposition varied somewhat from his 50-h testimony, he repeatedly cautioned that the accident happened so fast it was difficult for him to describe exactly how it occurred. In any event, no matter which version is accepted, Labor Law § 240(1) applies to the MTA defendants and the City (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592 [1st Dept 2010]). In light of this finding, we need not address plaintiff's Labor Law § 241(6), § 200 or negligence claims against those defendants (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11-12 [1st Dept 2011]). Hoffman and Hudson Yards were not owners, general contractors, or statutory agents, and therefore the Labor Law claims should be dismissed as to them.
Hoffman refurbished the subject crane one year before the accident and performed maintenance on it several times thereafter. Although a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third person (see Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]), an exception exists where a contractor who undertakes to perform services pursuant to a contract negligently creates or exacerbates a dangerous condition so as to have "launched a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002], quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]; see also Church v Callanan Indus., 99 NY2d 104, 111-112 [2002]; Castlepoint Ins. Co. v Moore, 109 AD3d 718 [1st Dept 2013])). Hoffman failed to adequately address the findings of the independent crane company that conducted the post-accident investigation, which concluded
that several maintenance and repair issues contributed to over wear on the crane's wire ropes (see Parker v Crown Equip. Corp., 39 AD3d 347 [1st Dept 2007]). Thus, Hoffman's argument that the third party complaint of the MTA defendants should be dismissed, is unpersuasive. While the motion court correctly dismissed plaintiff's Labor Law claims against Hoffman, as it is not a proper Labor Law defendant, it should not have dismissed plaintiff's common law claims against it.
The court correctly dismissed the claims seeking contractual indemnity against J & E, finding that the accident did not arise out of the work performed by J & E, which played no role in the crane's maintenance or operation (compare Balbuena v New York Stock Exchange, Inc., 49 AD3d 374 [1st Dept 2008], lv denied 14 NY3d 709 [2010]; Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268 [1st Dept 2007]). The facts that the load that would have been hoisted absent the collapse was J & E materials, and that plaintiff, a J & E employee, was one of the injured parties, are an insufficient basis to find that the accident was a consequence of, or connected to, J & E's work, particularly where hoisting was an activity specifically exempted from the contract between J & E and its prime contractor.
The City failed to raise a question of fact as to whether it was a proper Labor Law defendant. Hudson Yards, however, sufficiently rebutted plaintiff's prima facie showing that it [*3]was a proper Labor Law defendant (see DaSilva v Haks Engrs., Architects & Land Surveyors, P.C., 125 AD3d 480 [1st Dept 2015]); Hutchinson v City of New York, 18 AD3d 370 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK