Loja v 133 Lincoln LLC (2024 NY Slip Op 02504)

Loja v 133 Lincoln LLC

2024 NY Slip Op 02504

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 812401/22 Appeal No. 2211 Case No. 2023-03372 

[*1]Ivan Leon Loja, Respondent,
v
133 Lincoln LLC, Defendant, Casur Corp., Appellant.

Weintraub LLC, New York (Yosef Y. Weintraub of counsel), for appellant.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 5, 2023, which denied defendant Casur Corp.'s (Casur) motion to dismiss the complaint as against it pursuant to CPLR 3211(a) (1) and (7), or for summary judgment dismissing the complaint as against it, and denied its request for sanctions against plaintiff for engaging in frivolous litigation pursuant to 22 NYCRR 130-1.1, unanimously modified, on the law, to grant Casur's motion for summary judgment dismissing the complaint as against it, and otherwise affirmed, without costs.
The court should have granted Casur's motion for summary judgment dismissing the complaint as against it. Casur established prima facie that it was not a proper Labor Law defendant through the affidavit of its president, averring, among other things, that Casur had not been in business for over 10 years, had never owned the property or had any other connection to the property, and did not direct, supervise, or control any construction work at the property (see e.g. Patino v Drexler, 116 AD3d 534, 534-535 [1st Dept 2014]).
Plaintiff failed to raise a triable issue of fact. The building permits he submitted in opposition to Casur's motion were admittedly inadmissible hearsay. Even if the permits could properly be considered, they were insufficient to raise an issue of fact regarding Casur's involvement with the construction work because the permits did not mention Casur.
Insofar as plaintiff argues that the motion for summary judgment is premature, plaintiff has not shown that additional discovery is necessary (see Matter of East 51st St. Crane Collapse Litig., 89 AD3d 426, 428 [1st Dept 2011]). "The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion" (Erkan v McDonald's Corp., 146 AD3d 466, 468 [1st Dept 2017] [internal quotation marks omitted]).
In view of the foregoing, Casur's CPLR 3211 motion to dismiss is academic.
The court providently exercised its discretion in denying Casur's motion for sanctions (see Gidumal v Cagney, 144 AD3d 550, 552 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024