## Derek Smith Law Group, PLLC v Thomas D. Shanahan, P.C.

2025 NY Slip Op 31583(U)

May 1, 2025

Supreme Court, New York County

Docket Number: Index No. 154906/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**     PART     **33M**

*Justice*

------------------------------------------------------------------X

DEREK SMITH LAW GROUP, PLLC,DEREK SMITH, JOHNMACK COHEN, ALEXANDER CABECEIRAS,

         Plaintiff,

- v -

THOMAS D. SHANAHAN, P.C.,UPSTAIRS DOWNSTAIRS OF NEW YORK, INC.,EAST SIDE CLUB, LLC,THOMAS D. SHANAHAN, ROBERT CASTILLO, ANCIL BROWN, BASHIR MAJID

         Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154906/2024 |
| MOTION DATE | 08/15/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 57, 58, 59

were read on this motion to/for        DISMISSAL        .

Upon the foregoing documents, and after oral argument, which took place on February 18, 2025, where Zachary I. Holzberg, Esq. appeared on behalf of Derek Smith, and Defendants Derek Smith Law Group, Johnmack Cohen ("Cohen") and Alexander Cabeceiras ("Cabeceiras") (collectively "Plaintiffs") and Thomas D. Shanahan, Esq. ("Mr. Shanahan") appeared on behalf of himself, Thomas D. Shanahan, P.C., Upstairs Downstairs of New York, Inc. ("Upstairs Downstairs"), East Side Club, LLC ("East Side"), Robert Castillo ("Castillo"), Ancil Brown ("Brown") and Bashir Majid ("Majid") (Collectively "Defendants"), the Defendants' motion to dismiss Plaintiffs' Amended Complaint and seeking sanctions against Plaintiffs is granted in part and denied in part.[1] Plaintiffs' cross motion to disqualify Thomas D. Shanahan, Esq. from representing the other defendants in this action is moot, as the Amended Complaint is dismissed.

---

[1] Mr. Cohen also appeared, but only as "second chair" and did not argue the motion and cross-motion.

154906/2024 DEREK SMITH LAW GROUP, PLLC ET AL vs. THOMAS D. SHANAHAN, P.C. ET AL     Page 1 of 6
Motion No. 002

## I.    Background

The events leading up to this malicious prosecution action are storied and involve numerous prior lawsuits amongst the parties. For purposes of this motion, the story begins on July 17, 2018, when the Derek Smith Law Group and Cabeceiras sued Upstairs Downstairs for employment discrimination on behalf of Mark Cooper ("Mr. Cooper) (the "Cooper Lawsuit"). Mr. Shanahan represented Upstairs Downstairs in the Cooper Lawsuit. During the lawsuit, Mr. Cooper was referred to Dr. Siegel for an expert psychological evaluation. Upstairs Downstairs moved to strike Dr. Siegel's report and testimony on November 20, 2019, but the motion was denied. The Cooper Lawsuit proceeded to trial and Mr. Cooper was awarded only $6,500 in punitive damages. Upstairs Downstairs filed a post-trial sanctions motion which was denied.

In a separate lawsuit initiated on December 5, 2018, the Derek Smith Law Group and Cohen sued Eastside for employment discrimination on behalf of an anonymous plaintiff ("Doe") (the "Doe Lawsuit"). Mr. Shanahan represented Eastside. Doe was also referred to Dr. Siegel. Doe voluntarily dismissed his claims on the eve of trial after it came to light, he and/or his counsel had made various misrepresentations about issues material to the case. Doe and his attorneys, Mr. Cohen and the Derek Smith Law Group, were collectively sanctioned approximately $200,000.00 based on the misrepresentations and obstructionist behavior exhibited during the pre-trial process.[2]

Fast forward to December 8, 2023, when Defendants initiated a Civil RICO lawsuit (the "RICO Lawsuit") against Plaintiffs based on an alleged conspiracy to commit fraud with Dr. Siegel in employment discrimination lawsuits. Defendants voluntarily discontinued the RICO Lawsuit with prejudice on April 20, 2024. Now, in the latest chapter of this saga, Plaintiffs sue Defendants for malicious prosecution, abuse of process, retaliation, interference, intentional infliction of

---

[2] Ironically, despite being sanctioned for omitting material facts, Plaintiffs fail to disclose this pertinent fact in their Amended Complaint, only stating that two prior sanctions applications were denied.

**154906/2024   DEREK SMITH LAW GROUP, PLLC ET AL vs. THOMAS D. SHANAHAN, P.C. ET AL      Page 2 of 6**
**Motion No.  002**

emotional distress, and for damages under New York Civil Rights Law § 70-a. Defendants move to dismiss, and Plaintiffs cross move to disqualify Mr. Shanahan as attorney for the other Defendants.

## II.  Discussion

### A. Malicious Prosecution & Abuse of Process

Plaintiffs' first cause of action alleging malicious prosecution is dismissed. Where a plaintiff asserts malicious prosecution arising from a prior civil action, the plaintiff must allege special injury (*Facebook, Inc. v DLA Piper LLP (US)*, 134 AD3d 610, 613 [1st Dept 2015]). "Special injury" requires "a highly substantial and identifiable interference with person, property, or business" (*Engel v CBS, Inc.*, 93 NY2d 195, 205 [1999]). It is "considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." (*Engel, supra* at 205). The Court of Appeals has maintained this requirement to serve as "a buffer to insure against retaliatory malicious prosecution claims and unending litigation" (*Engel, supra* at 205).

Here, the Complaint is devoid of any alleged special injury, and merely states, in conclusory fashion, that the RICO lawsuit "caused Plaintiffs to suffer irreparable reputational-injury and emotional distress." (NYSCEF Doc. 29 at ¶ 3). However, such conclusory and rote allegations, absent specific facts, are not entitled to deference on a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [1st Dept 2009]). Indeed, this is the fourth round of litigation in which the parties are, in one way or another, litigating against each other. This is precisely the kind of unending litigation which the Court of Appeals was trying to avoid in imposing a special damages requirement. Therefore, the malicious prosecution claim is dismissed.

For the same reason, the abuse of process cause of action is dismissed (*Walentas v Johnes*, 257 AD2d 352 [1st Dept 1999] [to support abuse of process, process employed must entail some

**154906/2024   DEREK SMITH LAW GROUP, PLLC ET AL vs. THOMAS D. SHANAHAN, P.C. ET AL**          Page 3 of 6
Motion No. 002

[* 3]                                        3 of 6

unlawful interference with one's person or property]). "The institution of a civil action by summons and complaint is not legally considered process capable of being abused" (*Casa de Meadows Inc. (Cayman Islands) v Zaman*, 76 AD3d 917, 921 [1st Dept 2010] quoting *Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Indeed, the dearth of allegations related to special injury, and the documentary evidence from the RICO action, which lasted a mere four months before being voluntarily discontinued, warrants dismissal of Plaintiffs' abuse of process claim (*see also Gidumal v Cagney*, 144 AD3d 550 [1st Dept 2016]).

### B. New York State and City Human Rights Laws Claims

The claims alleging violations of the New York State and City Human Rights Laws are dismissed. These causes of action provide remedies for employees against their employers and coworkers. They are not employed against adversaries in judicial proceedings. To allow such claims to go forward would open any attorney who defends allegations of discrimination, or asserts counterclaims in a discrimination action, to liability for retaliation and interference under the New York State and City Human Rights Laws. Nor have Plaintiffs shown any precedent where such claims were allowed. That is because the legislature could not have intended, nor can courts reasonably interpret the New York State and City Human Rights Laws to impose liability in the way pleaded by Plaintiffs. Therefore, these claims are dismissed.

### C. Intentional Infliction of Emotional Distress

Plaintiffs' intentional infliction of emotional distress claim is dismissed. The filing of a lawsuit between two groups that have been litigating against each other in multiple cases for years, only to discontinue voluntarily the lawsuit four months later without any sort of protracted litigation, does not constitute conduct so extreme, reckless, and outrageous to support an

intentional infliction of emotional distress claim (*see, e.g. Matthaus v Hadjedj*, 148 AD3d 425, 425-26 [1st Dept 2017]; *see also Khan v Reade*, 7 AD3d 311, 312 [1st Dept 2004]).

### D. New York Civil Rights Law § 70-a (Anti-SLAPP)

Plaintiff's cause of action seeking damages under New York Civil Rights Law § 70-a is dismissed. The documentary evidence demonstrates that the RICO action was not frivolous – i.e., it was not commenced or continued without a substantial basis in fact and law. Nor does the documentary evidence that the RICO action could not be supported by a substantial argument for the extension or modification of existing law, as required to be entitled to damages under New York Civil Rights Law § 70-a. Substantial basis requires some relevant proof that a reasonable mind may accept as adequate to support a conclusion or ultimate fact (*Smartmatic USA Corp. v Fox Corp.*, 213 AD3d 512, [1st Dept 2023]).

The documentary evidence shows the RICO lawsuit did not rise to the level of inducing liability under New York Civil Rights Law § 70-a. The RICO lawsuit was meticulously pled and based on evidence from the Doe and Cooper lawsuits. It was also based on evidence that the Derek Smith Law Group referred 200 plaintiffs to Dr. Siegel, while employing as a managing partner Abraham Melamed, Dr. Siegel's brother-in-law (NYSCEF Doc. 2). Thus, Plaintiffs having failed to demonstrate the RICO lawsuit lacked sufficient basis in fact or law, the New York Civil Rights Law § 70-a claim is also dismissed.

### E. Sanctions, Attorneys' Fees, and Cross Motion to Disqualify

The Court, in an exercise of its discretion, denies the branch of Defendants' motion seeking sanctions against Plaintiffs. The endless and multiple years of litigation between the two groups of parties, which now spans multiple courts and multiple judges, must end somewhere. This Court finds the imposition of sanctions at this juncture will be adding fuel to the fire. In the interest of

**154906/2024   DEREK SMITH LAW GROUP, PLLC ET AL vs. THOMAS D. SHANAHAN, P.C. ET AL          Page 5 of 6**
**Motion No.  002**

5 of 6

finality and to encourage both groups of parties to move on from their multiple rounds of litigation, the application for sanctions is denied. For the same reason, the request for fees under CPLR 3211(g) is denied. Moreover, Defendants' memorandum of law and affirmation are woefully devoid of any factual or legal arguments in support of granting dismissal or fees under CPLR 3211(g). Finally, the cross motion to disqualify Mr. Shanahan is denied, as the Amended Complaint is dismissed, and this action is disposed. Thus, there are no proceedings before this Court from which Mr. Shanahan may be disqualified.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss Plaintiffs' Amended Complaint pursuant to CPLR 3211(a)(1) and (a)(7) is granted, and the Amended Complaint is hereby dismissed; and it is further

ORDERED that Defendants' motion seeking sanctions and attorneys' fees is denied; and it is further

ORDERED that Plaintiffs' cross motion seeking to disqualify Mr. Shanahan as legal counsel is denied as moot, as the Amended Complaint is dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/1/2025 | | | | *May V Rosado* JSC | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154906/2024  DEREK SMITH LAW GROUP, PLLC ET AL vs. THOMAS D. SHANAHAN, P.C. ET AL**          Page 6 of 6
**Motion No. 002**

6 of 6

[* 6]