| |
|---|
| **Diaz v Insite Prop. Group LLC** |
| 2025 NY Slip Op 32010(U) |
| June 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157189/2020 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARY V. ROSADO**  PART  **33M**

*Justice*

-------------------------------------------------------------------------X

RONY FRANKLIN POSAS DIAZ,

Plaintiff,

- v -

INSITE PROPERTY GROUP LLC,P.B. BROWN,
LLC,HEMUNINU CONSTRUCTION SOLUTIONS
LLC,ELLIS STORAGE LLC,

Defendant.

-------------------------------------------------------------------------X

INSITE PROPERTY GROUP LLC, P.B. BROWN, LLC, ELLIS
STORAGE LLC

Plaintiff,

-against-

HEMUNINU CONSTRUCTION SOLUTIONS, LLC

Defendant.

-------------------------------------------------------------------------X

INSITE PROPERTY GROUP LLC, P.B. BROWN, LLC, ELLIS
STORAGE LLC

Plaintiff,

-against-

ISLAND REDI-MIX, INC., KG CONCRETE PUMPING CORP.

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157189/2020 |
| MOTION DATE | 01/18/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595836/2021

Second Third-Party
Index No. 595057/2023

The following e-filed documents, listed by NYSCEF document number (Motion 005) 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111

were read on this motion to/for  _____ SUMMARY JUDGMENT(AFTER JOINDER _____.

Upon the foregoing documents, and after a final submission date of April 22, 2025,

Plaintiff Rony Franklin Posas Diaz's ("Plaintiff") motion for partial summary judgment on the

**157189/2020  POSAS DIAZ, RONY FRANKLIN vs. INSITE PROPERTY GROUP LLC**
**Motion No. 005**

**Page 1 of 4**

1 of 4

issue of liability on his Labor Law § 240(1) claim against Defendants P.B. Brown, LLC ("P.B. Brown") and Ellis Storage LLC ("Ellis") (collectively "Defendants") is denied.[1]

## I.    Background

On August 12, 2020, Plaintiff was working for Defendant/Third-Party Defendant Hemiunu Construction Solutions, LLC ("Hemiunu") at a construction site at 1 Ellis Street, Staten Island, New York (the "Premises") when the concrete pump hose he was holding exploded and caused him to fall sixteen feet from the top of a seawall (NYSCEF Doc. 90 at 9-12; 16; 32; 50-51). Ellis owned the Premises and P.B. Brown was the general contractor (NYSCEF Doc. 92 at 9; *see also* NYSCEF Doc. 93). Hemiunu was contracted to build a seawall at the Premises to conform with the Department of Building's post-Hurricane Sandy requirements (NYSCEF Doc. 104 at 24). Plaintiff was filling concrete into the seawall being formed when the concrete hose he was holding exploded and threw him to the ground. Plaintiff now moves for summary judgment on his Labor Law § 240(1) claim and Defendants oppose.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

---

[1] A stipulation of discontinuance was executed as to Defendant Insite Property Group, LLC, and Defendant/Third-Party Defendant Hemiunu is in default.

**157189/2020   POSAS DIAZ, RONY FRANKLIN vs. INSITE PROPERTY GROUP LLC**          **Page 2 of 4**
**Motion No.  005**

[* 2]

Viewing the facts in the light most favorable to the non-movant, the Defendants, the Court finds there are issues of fact which preclude granting summary judgment. There is conflicting testimony and inconclusive photographic evidence as to whether scaffolding was present at the time and location of Plaintiff's accident. While Plaintiff testified there were no scaffolds on the day of his accident (NYSCEF Doc. 90 at 31), Mr. Gonzalez testified that there was scaffolding on the backside of the wall where Plaintiff fell (NYSCEF Doc. 92 at 11). Guy Saccento, another witness for P.B. Brown, testified there was scaffolding erected around the entire retaining wall (NYSCEF Doc. 104 at 26). Plaintiff's counsel argues that even if scaffolding was present this does not mean he could tie his harness off to the scaffolding. However, this contradicts Plaintiff's own testimony that he used the scaffold to secure his harness (NYSCEF Doc. 90 at 24). The conflicting testimony about the availability of an adequate safety device creates an issue of fact which cannot be resolved on summary judgment (*Fundus v Scarola*, 214 AD3d 479, 479-80 [1st Dept 2023]; *Albino v 221-223 West 82 Owners Corp.*, 142 AD3d 799, 800 [1st Dept 2016]; *Moracho v Open Door Family Medical Center, Inc.*, 74 AD3d 657. 658 [1st Dept 2010]).

There are further issues of fact as to whether any safety device could have protected Plaintiff from falling from the force of an exploding cement hose (*see Valle v Port Auth. of N.Y. & N.J.*, 189 AD3d 594, 595 [1st Dept 2020] citing *Morera v New York City Tr. Auth.*, 182 AD3d 509 [1st Dept 2020]). Plaintiff testified the person who was handling the flow of concrete from the truck to the hose "was being trained" and when the concrete started flowing from the truck to Plaintiff's hose, "before one minute had passed...the hose exploded" and "hit [his] head...and threw [him] down" (NYSCEF Doc. 90 at 49-51).

Based on the record before the Court, there is an issue of fact as to whether the negligence of the individual operating the concrete pump was the cause of Plaintiff's accident, and whether

**157189/2020 POSAS DIAZ, RONY FRANKLIN vs. INSITE PROPERTY GROUP LLC**
**Motion No. 005**

**Page 3 of 4**

[* 3]

3 of 4

any safety device could have prevented Plaintiff from falling when confronted with the force of an exploding concrete hose (*see also Hajderlli v Wiljohn 59 LLC*, 71 AD3d 416, 416-17 [1st Dept 2010]). Therefore, Plaintiff's motion is denied.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for partial summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| ___6/6/2025___ | | | ___May V Rosado JSC___ |
| DATE | | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157189/2020 POSAS DIAZ, RONY FRANKLIN vs. INSITE PROPERTY GROUP LLC**
**Motion No. 005**

**Page 4 of 4**

[* 4]

4 of 4